Asaf Agazanof, Esq.  (SBN 285043)
Asaf@Lawasaf.com
**ASAF LAW APC**
2330 Westwood Blvd., Second Floor
Los Angeles, CA  90064
Tel: (424) 254-8870
Fax: (888) 254-0651

Attorneys for Plaintiff,
SIOBAHN CARROLL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIOBAHN CARROLL, an individual; on behalf of herself, all others similarly situated, and the general public,<br><br>    Plaintiff,<br><br>  vs.<br><br>PROGRESSIVE CASUALTY INSURANCE  COMPANY, an Ohio Corporation, PROGRESSIVE ADVANCED INSURANCE  COMPANY, an Ohio Corporation, PROGRESSIVE COMMERCIAL CASUALTY COMPANY, an Ohio Corporation, PROGRESSIVE DIRECT INSURANCE COMPANY, an Ohio Corporation,   and DOES 1 through 20, Inclusive,<br><br>    Defendants. | Case No.: 2:21-cv-9217<br><br>[CLASS ACTION]<br><br>**COMPLAINT FOR DAMAGES**<br><br> **1. UNJUST ENRICHMENT / RESTITUTION**<br> **2. VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, et seq.**<br><br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

**CLASS ACTION COMPLAINT FOR DAMAGES**

Plaintiff SIOBAHN CARROLL ("Plaintiff"), on behalf of herself, and all others similarly situated, and the general public, alleges the following against Defendants PROGRESSIVE CASUALTY INSURANCE COMPANY, an Ohio Corporation, PROGRESSIVE ADVANCED INSURANCE COMPANY, an Ohio Corporation, PROGRESSIVE DIRECT INSURANCE COMPANY, an Ohio Corporation, PROGRESSIVE COMMERCIAL CASUALTY COMPANY, an Ohio Corporation and DOES 1 through 20, Inclusive (Collectively, "Defendants"):

## INTRODUCTION

1.     Plaintiff seeks to remedy Defendants' unfair business practice of unjustly profiting from the COVID-19 pandemic by collecting and/or retaining excessive, unfair premiums in violation of California's inherent public policy limiting insurers to a fair rate of return.

2.     From Beginning in March 2020, California health authorities began to enforce strict social distancing measures in an effort to slow the spread of COVID-19, including the strict shelter-in-place orders that prevented most people from leaving their homes for extended periods of time.

3.     Consequently, this greatly affected the activities of automobile insurance policy holders, and the reduced driving resulted in fewer accidents, injuries, and fatalities on public highways and roads. (*See Bulletin*) As a result, automobile insurance companies like Defendants have experienced a windfall. Defendants' premiums are based on certain measures of risk such as miles driven and likelihood of accidents – all of which have dropped significantly during the "safer at home" and "shelter-in-place" orders. Therefore, the premiums charged by Defendants while the "safer at home" and "shelter-in-place" orders were in effect were well in excess of a fair rate of return.

4.     Despite these circumstances, Defendants have continued to collect excessive premiums from policyholders and have failed to issue appropriate and proportionate refunds. Defendants have withheld its policyholders' excessive and unfair premiums, taking advantage of the reduction in the insured risk to reduce reserves, invest excess funds, and consequently unfairly profit from the misfortunes of its

policyholders.

5.    Plaintiff, on behalf of herself, and all others similarly situation, and the general public, seeks to remedy Defendants' unfair business practices under California's unfair competition law through disgorgement, restitution, and constructive trust as to the excessive, unfair premiums, along with injective and other available relief.

## PARTIES, VENUE, AND JURISDICTION

6.    Plaintiff, at all times relevant to this action, resided in Los Angeles County, California.

7.    Plaintiff is informed and believes, and thereon alleges PROGRESSIVE ADVANCED INSURANCE COMPANY, is an Ohio Corporation doing business in Los Angeles County, California.

8.    Plaintiff is informed and believes, and thereon alleges PROGRESSIVE CASUALTY INSURANCE COMPANY, is an Ohio Corporation doing business in Los Angeles County, California.

9.    Plaintiff is informed and believes, and thereon alleges PROGRESSIVE COMMERCIAL CASULATY INSURANCE COMPANY, is an Ohio Corporation doing business in Los Angeles County, California.

10.    Plaintiff is informed and believes, and thereon alleges PROGRESSIVE DIRECT INSURANCE COMPANY, is an Ohio Corporation doing business in Los Angeles County, California.

11.    Plaintiff is informed and believes, and thereon alleges that Defendants are an automobile insurance company.

12.    The unlawful acts pleaded herein occurred in Los Angeles County, California.

13.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2). This Court has jurisdiction over this litigation pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) as Plaintiff is a resident of California, Defendants corporations with headquarters in Ohio, and the amount in damages exceeds $5,000,000.00 as Defendants

insure millions of California consumers.  Thus, even if each putative class member was damaged by the sum of $5.00, the sum would eclipse the minimum amount in controversy required by CAFA.

14.     Plaintiff is unaware of the true names and capacities of DOES 1 through 20, inclusive, and therefore sues these defendants by their fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

15.     At all times relevant to this action, each of the fictitiously named defendants was an, agent, joint venturer, integrated enterprise, partner, member, shareholder, officer, director, co-conspirator, or alter ego of Defendants, and was acting within the course and scope of such agency or employment.

16.     Each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and such defendants directly and proximately caused Plaintiffs' injuries as herein alleged.

## FACTUAL ALLEGATIONS

17.     As a result of the rampant spread of the SARS-Co-V-2 ("COVID-19") virus, On or around March 19, 2020, California health authorities issued statewide shelter-in-place orders, directing California residents to stay home and avoid public places except for essential activity/ services. These orders results in millions of California residents not leaving their homes and also working from home.

18.     According to UC Davis' *Special Report on Impact of Covid-19 on California Traffic Accidents,* reduced driving resulted in fewer accidents, injuries, and fatalities on California public highways and roads.[1]

19.     The report estimated that the shelter-in-place orders reduced injury and fatality collisions by half from early March to Mid-April 2020, and as a result, there are far fewer automobile insurance claims.

---

[1]See

https://roadecology.ucdavis.edu/files/content/projects/COVID_CHIPs_Impacts_updated_415.pdf

20.    As a result, on April 13, 2020, the California Insurance Commissioner issued Bulletin 2020-3 ("The Bulletin"), ordering California Private and Commercial automobile insurance companies to make a premium refund within 120 days of the Bulletin to affected California Policyholders.

21.    Insurance companies in general have provided varying forms of premium refunds or credits during the COVID-19 pandemic ranging from nothing to upwards of 25%. These refunds and credits are extremely arbitrary and inconsistent in amount and duration. Moreover these refunds or credits are insufficient to provide fair, actual, or meaningful relief to California policyholders.

22.    Personal insurance rates are set to cover future expected claims and expenses. Auto insurers, including the Defendants, develop such rates by extrapolating from recent historical experience with premium payments, claims submitted, claim settlement expenses, and non-claim selling and administrative expenses, and then projecting future claims and costs from that data.

23.    California has a long-standing general public policy limiting insurance premiums and rates to a fair rate of return on the risk covered by the policy. (See, e.g., 10 Cal. Code Reg. § 2644.16 [rate of return].) The fair rate of return policy limits insurance premiums to an amount: (1) commensurate with returns on investments in other enterprises having corresponding risks; and (2) sufficient to attract capital and maintain credit. Consequently, Defendants may not charge an insurance premium that exceeds a fair rate of return.

24.    As a result of COVID-19 restrictions, Defendants' insureds drove significantly less than what was anticipated by Defendants when it developed the premium. As an example, Plaintiff's driving time and mileage has been, and continue to be, greatly reduced because of the COVID-19 pandemic.

25.    As a result of COVID-19 restrictions, Defendants have and will incur significantly less expenses in claim payments than what was anticipated when the premium was charged.

26.     As a result of COVID-19 restrictions, Defendants have charged and collected an premium that exceeds the fair rate of return to its insureds in the past and into the future.

27.     Defendants are aware that they cannot charge premiums in excess of the fair rate of return, and have an affirmative duty under law to return any excessive premiums that was collected.

28.     Defendants are aware that the premiums charged and collected following the COVID-19 restriction were excessive. In response, Defendants provided its insureds with a 20% "coronavirus credit" for a few months in 2020.

29.     Defendant's "coronavirus credit" program is inadequate to compensate its customers for the unfair windfall Defendants have gained has a result of COVID-19.

30.     This reduction is insufficient concerning the actual reduction of driving time, accidents, and claims that declined during the COVID-19 pandemic. Consequently, this premium credit is inadequate as applied to Plaintiff and those similarly situated because Plaintiff have paid and will continue to pay a premium that exceeds the fair rate of return.

31.     This premium credit allowed Defendants to retain an excessive premium and to continue to charge excessive premiums into the future.

32.     Defendants have and will continue to receive a windfall as a result of the COVID-19 pandemic.

33.     Defendants have retained excessive premiums from Plaintiff and those similarly situated.

## CLASS ACTION ALLEGATIONS

34.     *Class Definition:* Plaintiff brings this suit as a class action under section 17203 of Business & Professions Code and section 382 of the Code of Civil Procedure, on behalf of herself and other similarly-situated persons as a member of a Class defined as follows: All persons who paid insurance premiums to Defendants for automobile insurance policies covering any period from March 01, 2020 through the present.

35.    *Numerosity:*  The proposed Class is sufficiently numerous in that Defendants insure numerous automobile insurance policies in California. Class members are so numerous and are dispersed throughout California that joinder of all Class members is impracticable. Class members can be readily identified by, inter alia, records maintained by the Defendants.

36.    *Common Questions of Fact and Law:* Common questions of facts and law exist as to tall members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of fact and law that predominate over any individual issues are:

> a. Whether Defendants' practice of charging and retaining excess premiums during the COVID-19 pandemic was "unfair" within the meaning of section 17200 of the Business and Professions Code; and
>
> b. Whether Class members lost money or property as a result of Defendants' unfair business practice in violation of section 17200 of the Business and Professions Code;
>
> c. Whether the members of the Class paid excessive premiums to Defendants;
>
> d. Whether Defendants failed to properly calculate or recalculate premiums to take into account the substantial reduction in insured activity and Defendants' risk during the COVID-19 pandemic;
>
> e. Whether the members of the Class are entitled to recover the premiums paid in excess of the amounts allowed by California public policy given the reduction of insured activity and/or risk, plus interest;
>
> f. Whether Defendants should be enjoined from continuing to charge, receive, and retain payment of excess premiums, and if so, the nature, type, and the extent of such injunction;
>
> g. Whether Defendants should disgorge the profits from their investment of charged and retained excess premiums; and

**CLASS ACTION COMPLAINT FOR DAMAGES**

h.   The appropriate nature of and procedure of providing class-wide relief.

37.   *Typicality of Claims:* Plaintiff's claims are typical of the claims of the Class. Plaintiff, like other Class members, has been assessed and/or has paid premiums that exceed the Defendant insurer's fair return for the risk taken. Plaintiff's claims therefore arise from a common course of conduct by Defendants and are based on the same legal theories. Proof of a common or single state of facts will establish the right of each member of the Class to judgment because Defendants' ongoing practice violates California law and public policy, as stated herein, and will be applicable to all members of the Class. Moreover, the injunction proscribing Defendants' practice will benefit all members equally. Upon application by Plaintiff's counsel for certification of the class, as and where necessary as to the following causes of action, the Court may be requested to also incorporate subclasses in the interests of justice and judicial economy.

38.   *Adequacy of Representation:* Plaintiff is an aggrieved representative of the class parties who will fully and adequately protect the interests of the Class members and has retained experienced and competent class counsel who have familiarity in litigating complex class action lawsuits and claims. Plaintiff has no interest contrary to or in conflict with that of the Class it seeks to represent. The interests of the Class will thus be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

39.   The number and identity of the members of the Class, and the precise amount of unfair premiums paid by each of them, are unknown at the present time, but are readily determinable from Defendants' billing records. Such records will permit Class members to be easily identified and, if appropriate, notified of the pendency of this action through mail, and/or through internet or print publications.

40.   *Superiority:*   A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is clearly impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the necessary duplication of effort and expense

-8-

that numerous individuals claim filings and actions would engender. Furthermore, given that the restitution amount suffered and/or demanded by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them. Moreover, individualized claims and litigation would present the potential for inconsistent or contradictory outcomes. The class action device presents fewer management difficulties, requiring only a single adjudication of the complex legal and factual issues in this dispute, thereby providing the benefits of economy of scale and comprehensive supervision by a single court.

41.     Plaintiff and Plaintiff's counsel know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. A class action would be superior to other methods for fair and efficient adjudication of this controversy. Accordingly relief concerning Plaintiff's rights and certification of the class would be appropriate.

## FIRST CAUSE OF ACTION

## UNJUST ENRICHMENT / RESTITUTION

42.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

43.     Plaintiff and the Class purchased automobile insurance from Defendants.

44.     Defendants charged an excessive premium following the COVID-19 restrictions.

45.     Defendants' program of premium reduction unlawfully deprived and continues to unlawfully deprive its California automobile insurance policyholders of the full and fair COVID-19 related premium relief to which they are entitled.

46.     Defendants' program of premium reduction as described above is designed to secure for Defendants, and has secured and will continue to secure for Defendants, an unfair windfall at the expense of Defendants' California automobile insurance policyholders.

**CLASS ACTION COMPLAINT FOR DAMAGES**

47.     Defendants program of premium reduction, as described above, is unlawful.

48.     Consequently, Defendants have collected and retained excessive and unfair premiums, and have failed to voluntarily return to the excessive and unfair premiums.

49.     Defendants' collection and refusal to refund the excessive, unfair premiums has unjustly enriched Defendants, and Plaintiff and Class members are entitled to restitution of such excessive, unfair premiums and the Defendant's investment returns thereon. Further, Plaintiff and the Class request a constructive trust on those excessive, unfair premiums (and Defendants' gains on those funds) and an award of attorney's fees and costs incurred for this matter.

## SECOND CAUSE OF ACTION

**VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, ET. SEQ.**

50.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

51.     Defendants provided automobile insurance policies to Plaintiff and Class members, insuring against certain risks, most of which were related to the use of their respective vehicles. Consistent with California public policy, Defendants initially charged premiums that covered the risk and presumably included a fair rate of return for the risk insured.

52.     Beginning in mid-March 2020, California governing authorities issued a series of shelter-in-place orders preventing and/or significantly reducing the ability of Plaintiff and Class members to leave their homes and use their vehicles. After the shelter-in-place orders, the risk insured by Defendants was substantially reduced. Nevertheless, despite the substantial reduction in the insured risk, Defendants continued to charge and/or did not  appropriately refund excess premiums that were calculated based on the pre-pandemic risk assessment. This has resulted in Defendants charging, receiving, and retaining substantial excessive, unfair premiums in violation of California public policy.

53.     California has a long-standing public policy limiting an insurer's ability to impose rates in excess of a fair rate of return on the insured risk, reflected in various statutes and regulations. In fact, in some instances, California law requires insurers to periodically show the Commissioner of Insurance that the rates do not exceed a fair rate of return on the insured risk.

54.     Defendants' conduct in charging and retaining premiums for a risk that had been substantially reduced, violates this vital public policy and the intent of the statutes and regulations designed to ensure that the rates charged by insurers relate to the risk insured and are limited to a fair rate of return on insuring that risk. A windfall accrues to Defendants in collecting or retaining premiums for a substantially reduced risk. The harm to Plaintiff and the Class substantially outweighs any the benefit or utility of Defendants' unfair business practice of collecting and retaining excessive, unfair premiums.

55.     Plaintiff and Class members have no adequate remedy at law.

56.     As a result of the Defendants' unfair business practices, Plaintiff and Class members have lost money or property and suffered injury in fact. For example, Plaintiff pays substantial premiums to Defendants based on Plaintiff's Pre-COVID-19 automobile collision claims rates. After the COVID-19 substantial reduction of the insured risks, Defendants continue to hold and charge excessive, unfair premiums rightfully belonging to Plaintiff (and the Class).

57.     Such conduct is ongoing and continues to this date. The various health orders continue to be reissued and revised with no certain date when they will be lifted. Moreover, the general fear caused by the pandemic has also California residents' driving and work habits as employees work from home and consumers choose to forego social activities. Plaintiff and Class members have been damaged by the Defendant's unfair business practices and are entitled to the relief described below, including the adequate refunds of excessive, unfair premiums charged in violation of California public policy.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF requests of this Court the following relief on behalf of herself and all others similarly situated in California:

1.     An order certifying the proposed Class under section 382 of the Civil Procedure Code and section 1781 of the Civil Code, and appointing Plaintiff and its counsel of record to represent the Class;

2.     An order declaring that Defendant violated the legal rights of Plaintiff and Class members, as described herein;

3.     An order and judgment that the Defendant be preliminarily and permanently enjoined from charging premiums in excess of a fair rate of return based on pre-COVID-19, Shelter-in-Place rate calculations under section 17203 of the Business and Professions Code and the equitable powers of this Court;

4.     An order and judgment that the Defendants restore to Plaintiff and the Class all funds acquired by means of any act or practice declared by this Court to be unfair under Business and Professions Code section 17200 et seq. under section 17203 of the Business and Professions Code and the equitable powers of this Court, including restitution for unjust enrichment;

5.     For an order and judgment under the court's equitable powers for disgorgement, restitution, and a constructive trust for the unearned premiums acquired from Plaintiff and the Class along with Defendants' investment returns on those unearned premiums;

6.     For attorneys' fees and costs under section 1021.5 of the Code of Civil Procedure;

7.     For pre-judgment interest;

8.     Attorneys' fees and costs of suit, including expert witness fees; and

9.     Such other and further legal and equitable relief as this Court may deem proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims as provided by California law.


Dated: November 22, 2021                              **ASAF LAW APC**




                                        By: /s/  Asaf Agazanof
                                            Asaf Agazanof, Esq.
                                            Attorneys for Plaintiff

-13-