UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIOBAHN CARROLL and ALAN LUKEN, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>PROGRESSIVE SELECT INSURANCE COMPANY, an Ohio Corporation, UNITED FINANCIAL CASUALTY COMPANY, an Ohio Corporation,<br><br>        Defendants. | Case No. 2:21-cv-09217-FMO-RAO<br><br>**STIPULATED PROTECTIVE ORDER**[1] |

1.   <u>A. PURPOSES AND LIMITATIONS</u>

    Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, pricing, underwriting, actuarial analysis, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, proprietary training, marketing and sales information, operations and process information, confidential and proprietary underwriting and pricing information, proprietary internal systems, tools and data and/or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so

1  designated without a good faith belief that it has been maintained in a confidential,

2  non-public manner, and there is good cause why it should not be part of the public

3  record of this case.

4

5  ## C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

6  The parties further acknowledge, as set forth in Section 12.3, below, that this

7  Stipulated Protective Order does not entitle them to file confidential information

8  under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed

9  and the standards that will be applied when a party seeks permission from the court

10  to file material under seal.

11  There is a strong presumption that the public has a right of access to judicial

12  proceedings and records in civil cases.  In connection with non-dispositive motions,

13  good cause must be shown to support a filing under seal.  *See Kamakana v. City and*

14  *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors*

15  *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Makar-Welbon v. Sony Electrics,*

16  *Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders

17  require good cause showing), and a specific showing of good cause or compelling

18  reasons with proper evidentiary support and legal justification, must be made with

19  respect to Protected Material that a party seeks to file under seal.  The parties' mere

20  designation of Disclosure or Discovery Material as CONFIDENTIAL does not—

21  without the submission of competent evidence by declaration, establishing that the

22  material sought to be filed under seal qualifies as confidential, privileged, or

23  otherwise protectable—constitute good cause.

24  Further, if a party requests sealing related to a dispositive motion or trial, then

25  compelling reasons, not only good cause, for the sealing must be shown, and the

26  relief sought shall be narrowly tailored to serve the specific interest to be protected.

27  *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For

28

3

**STIPULATED PROTECTIVE ORDER**

each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.    DEFINITIONS

2.1    Action: this pending federal lawsuit.

2.2    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

4

among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.7   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

    2.8   House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

    2.9   Non-Party:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

    2.10   Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

    2.11   Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

    2.12   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

    2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

    2.14   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

    2.15   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

STIPULATED PROTECTIVE ORDER

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.   DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items

1  or communications for which protection is not warranted are not swept unjustifiably

2  within the ambit of this Order.

3     Mass, indiscriminate or routinized designations are prohibited.  Designations

4  that are shown to be clearly unjustified or that have been made for an improper

5  purpose (e.g., to unnecessarily encumber the case development process or to impose

6  unnecessary expenses and burdens on other parties) may expose the Designating

7  Party to sanctions.

8     If it comes to a Designating Party's attention that information or items that it

9  designated for protection do not qualify for protection, that Designating Party must

10  promptly notify all other Parties that it is withdrawing the inapplicable designation.

11     5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

12  this Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise

13  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

14  under this Order must be clearly so designated before the material is disclosed or

15  produced.

16     Designation in conformity with this Order requires:

17     (a)  for information in documentary form (*e.g.*, paper or electronic

18  documents, but excluding transcripts of depositions or other pretrial or trial

19  proceedings), that the Producing Party affix at a minimum, the legend

20  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

21  contains protected material.  If only a portion of the material on a page qualifies for

22  protection, the Producing Party also must clearly identify the protected portion(s)

23  (*e.g.*, by making appropriate markings in the margins).

24     A Party or Non-Party that makes original documents available for inspection

25  need not designate them for protection until after the inspecting Party has indicated

26  which documents it would like copied and produced.  During the inspection and

27  before the designation, all of the material made available for inspection shall be

28

deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)  for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony or in writing any party or non-party may, within thirty (30) days after receiving a deposition transcript, designate the transcript, portions of the transcript or exhibits thereto as confidential.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d)  for information produced in response to an interrogatory or other discovery request, the response shall be provided in a separate document, appended to the main body of responses and incorporated by reference therein. The response to the interrogatory or discovery request in the main body of the responses should be "Requests confidential information, see response in confidential addendum, which response is incorporated fully herein by reference." The Producing Party shall affix the word "CONFIDENTIAL" to each page of the separate document appended to the responses.

**STIPULATED PROTECTIVE ORDER**

(e)  for materials that exist only in digital format, the Producing Party shall reference in the name of the file its confidential status.

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this

9

**STIPULATED PROTECTIVE ORDER**

Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena, a court order issued in other litigation or request from a government entity or agency that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with

11

**STIPULATED PROTECTIVE ORDER**

the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.       A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
         PRODUCED IN THIS LITIGATION

        (a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

        (b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

            (1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

            (2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

            (3)  make the information requested available for inspection by the Non-Party, if requested.

12

**STIPULATED PROTECTIVE ORDER**

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  The return or destruction of a document or materials over which the Producing Party has asserted a claim of privilege, as set forth in Federal Rule of Civil Procedure 26(b)(5)(B), shall be without prejudice to the Receiving

13

**STIPULATED PROTECTIVE ORDER**

1   Party's right to seek an order from the Court directing the production of the

2   document on the ground that the claimed privilege is invalid or inapplicable;

3   provided, however, that mere production of the document or information in the

4   course of this action shall not constitute grounds for asserting waiver of the

5   privilege.

6          In accordance with Federal Rule of Evidence 502(d), the production of any

7   documents in this proceeding shall not, for the purposes of this proceeding or any

8   other proceeding in any other forum, constitute a waiver by the Producing Party of

9   any privilege or protection applicable to those documents, including the attorney-

10  client privilege and the work product doctrine.

11

12  12.    <u>MISCELLANEOUS</u>

13         12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

14  person to seek its modification by the Court in the future.

15         12.2   Right to Assert Other Objections.  By stipulating to the entry of this

16  Protective Order, no Party waives any right it otherwise would have to object to

17  disclosing or producing any information or item on any ground not addressed in this

18  Stipulated Protective Order.  Similarly, no Party waives any right to object on any

19  ground to use in evidence of any of the material covered by this Protective Order.

20         <u>12.3</u>   Filing Protected Material.  A Party that seeks to file under seal any

21  Protected Material must comply with Local Civil Rule 79-5.  Protected Material

22  may only be filed under seal pursuant to a court order authorizing the sealing of the

23  specific Protected Material at issue.  If a Party's request to file Protected Material

24  under seal is denied by the court, then the Receiving Party may file the information

25  in the public record unless otherwise instructed by the court.

26  ///

27

28
                                14
                    **STIPULATED PROTECTIVE ORDER**

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

///

///

**STIPULATED PROTECTIVE ORDER**

1    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2

3    DATED: October 27, 2022

4    */s/ Paige L. Smith*

5    Ryan F. Stephan, IL State Bar No. 6273101*
     rstephan@stephanzouras.com

6    James B. Zouras, IL State Bar No. 6230596*

7    jzouras@stephanzouras.com
     Teresa M. Becvar, IL State Bar No. 6312328*

8    tbecvar@stephanzouras.com

9    Paige L. Smith, IL State Bar No. 6336780*
     psmith@stephanzouras.com

10    **STEPHAN ZOURAS, LLP**

11    100 N. Riverside Plaza, Suite 2150
     Chicago, IL 60606

12    Tel: (312) 233-1550

13

14    Asaf Agazanof (SBN 285043)
     Asaf@lawasaf.com

15    **ASAF LAW APC**
     2330 Westwood Blvd., Second Floor

16    Los Angeles, CA 90064

17    Tel: (424) 254-8870

18    Manfred P. Muecke (SBN 222893)

19    mmuecke@manfredapc.com
     **MANFRED, APC**

20    600 West Broadway, Suite 700

21    San Diego, CA 92101
     Tel: (619) 550-4005

22

23    Robert L. Schug (SBN 249640)
     schug@nka.com

24    **NICHOLS KASTER, PLLP**

25    80 S. 8th Street, Ste. 4700
     Minneapolis, MN, 55402

26    Tel: (612) 256-3200

27

28

**STIPULATED PROTECTIVE ORDER**

David R. Markham (SBN 71814)
dmarkham@markham-law.com
**The Markham Law Firm**
8910 University Center Lane, Suite 400
San Diego, CA 92122
Tel: (619) 399-3995

Attorneys for Plaintiffs SIOBHAN CARROLL and
ALAN LUKEN and the putative class

DATED: October 27, 2022

*/s/ Amanda Villalobos*
Amanda Villalobos
**TUCKER ELLIS LLP**
Amanda.villalobos@tuckerellis.com
515 South Flower Street, Forty Second Floor
Los Angeles, CA 90071
Tel: (213) 430-3395

Kymberly Kochis
**EVERSHEDS SUTHERLAND (US) LLP**
kymkochis@eversheds-sutherland.com
1114 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone: (212) 389-5000
Facsimile:  (212) 389-5099

Attorneys for Defendants PROGRESSIVE SELECT INSURANCE COMPANY
and UNITED FINANCIAL CASUALTY COMPANY

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED:  October 31, 2022

HON. ROZELLA A. OLIVER
United States Magistrate Judge

17
**STIPULATED PROTECTIVE ORDER**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of ***Carroll, et al v. Progressive Casualty Insurance Company,***

***et. al***.  I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is subject

to this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

---

**EXHIBIT A**